UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

LEROY JONES,

                                                                                                        Docket No. 13 Civ. 2185 (KPF)

                            Plaintiff,

        -against-

COMMISSIONER BRIAN FISCHER, et al.

                            Defendants.

----------------------------------------------------------------X

# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

                                              ERIC T. SCHNEIDERMAN
                                              Attorney General of the State of New York
                                              <u>Attorney for Defendants</u>
                                              120 Broadway
                                              New York, New York 10271
                                              (212) 416-8687

Mary Kim
Assistant Attorney General

**PRELIMINARY STATEMENT**

Defendants Fischer, Connolly, Harris, Glasspoole, Gaudioso, Sablinski, Medwick, Cofield, Sonko, Green and Wallace ("defendants") respectfully submit this reply memorandum of law in support of their motion to dismiss the amended complaint as against them, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds that (a) plaintiff fails to allege personal involvement under 42 U.S.C. §1983 against defendants Fischer and Connolly and (b) plaintiff fails to state a claim under 42 U.S.C. §1983 against defendants Fischer, Connolly, Harris, Glasspoole, Gaudioso, Sablinski, Medwick, Cofield, Sonko, Green and Wallace [1]

**ARGUMENT**

**POINT I**

**PLAINTIFF FAILS TO ALLEGE FACTS SUFFICIENT TO SHOW PERSONAL INVOLVEMENT OR SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANTS FISCHER, CONNOLLY, AND HARRIS**

In his opposition, plaintiff fails to support the bare allegations in the amended complaint to show personal involvement or to state a claim against defendants Comm. Fischer, Supt. Connolly and Capt. Harris; and otherwise improperly attempts to amend his amended complaint with new facts and claims not previously alleged. Plaintiff's amended complaint fails to set forth facts to show any personal involvement on the part of these defendants and fails to state a claim against these defendants. Therefore, the claims against these defendants should be dismissed.

A plaintiff may not amend his complaint through allegations made in an opposing brief to a dispositive motion. See Shah v. Helen Hayes Hosp., 252 Fed. Appx. 364, 366 (2d Cir. 2007);

---

1   In response to defendants' motion, plaintiff has apparently withdrawn his claims against defendants Glasspoole, Gaudioso, Cofield, and Green and thus, defendants respectfully request that the claims against them be dismissed with prejudice. See Plaintiff's Opp. at p. 15.

Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). See also, Casilla v. Philip & Jack Hirth Mgmt., No. 12 Civ. 6008, 2014 U.S. Dist. LEXIS 34648, at *9 (S.D.N.Y. Mar. 7, 2014) ("[e]ven a *pro se* Plaintiff 'may not amend his complaint to add new claims by raising them for the first time in his motion papers'"); Polanco v. City of N.Y. Dep't of Corrections, No. 01 Civ. 759, 2002 U.S. Dist. LEXIS 3108, at *7-8 (S.D.N.Y. Feb. 25, 2002) (*pro se* inmate plaintiff is bound by the allegations in his amended complaint). Here, to the extent plaintiff's opposition asserts new factual allegations and legal claims that were not asserted in his amended complaint, such allegations and claims should be disregarded.

Comm. Fischer

Even considering plaintiff's new allegations and claims, he fails to set forth sufficient facts to show personal involvement against Comm. Fischer. In his opposition, plaintiff repeats his conclusory allegation that Comm. Fischer was aware that plaintiff was under threat from the staff at Fishkill Correctional Facility ("Fishkill"). See Pl's Opp. at p. 10. Plaintiff also adds that Comm. Fischer was responsible for the "policy" that placed plaintiff in danger and that he was aware that the Fishkill staff violated DOCCS policies. Id. "The mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under §1983." Styles v. Goord, 431 Fed. Appx. 31, 33 (2d Cir. 2011). Neither is "mere linkage in the prison chain of command [sufficient] to implicate a commissioner of corrections or a prison superintendent in a §1983 claim." Id. (quoting Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). "[C]onclusory, unsupported allegations of gross negligence or the existence of a policy are simply insufficient to establish liability of supervisory prison officials under §1983."

2

Alsaifullah v. Furco, 12 Civ. 2907, 2013 U.S. Dist. LEXIS 110398, at *52-53 (S.D.N.Y. Aug. 2, 2013) (citations and internal quotations marks omitted). Here, plaintiff alleges nothing more than a vague claim of failure to supervise against Comm. Fischer and thus, there is no personal involvement and no viable §1983 claim against Comm. Fischer.[2]

### Supt. Connolly

Plaintiff alleges that Supt. Connolly was aware of staff misconduct directed toward plaintiff and that staff violated DOCCS policies. See Pl's Opp. at p. 10. Plaintiff also alleges that Supt. Connolly was "responsible for plaintiff not getting medical treatment" and conspired with others to cover up the alleged assaults. Id. at p. 11. Plaintiff further claims that Supt. Connolly conspired with Capt. Harris to withhold evidence at plaintiff's disciplinary hearing. Id. Plaintiff's amended complaint, however, merely states that he wrote to Supt. Connolly and verbally told him that plaintiff's life is in danger and Supt. Connolly stated, "Maybe [you'll] learn now." See Am. Compl. at p. 15, ¶34. Plaintiff's attempt to amend his complaint by adding new allegations against Supt. Connolly is improper and should be disregarded. See Shah, 252 Fed. Appx. at 366.

Even considering plaintiff's new allegations, plaintiff has failed to state a claim against

---

2   Plaintiff also makes reference to injunctive relief and states that Comm. Fischer has the ability and responsibility to "put provision in place" to protect inmates from constitutional violations. See Pl's Opp. at p. 11. No injunctive relief is available against Comm. Fischer since he has been retired from DOCCS since April, 2013. See McKethan v. New York State Dep't of Corr. Servs., No. 10 Civ. 3826, 2012 U.S. Dist. LEXIS 86518, at *5-6 (S.D.N.Y. June 21, 2012) (a retired prison official lacks the capacity necessary to enable him to comply with the injunctive relief sought and thus, any such claims against him must be dismissed). See also, www.doccs.ny.gov that shows that Anthony J. Annucci is now Acting Commissioner of DOCCS. In any event, in addition to authority to remedy an allegedly illegal action, a defendant must have "a direct connection to, or responsibility for" such action, Loren v. Levy, No. 00 Civ. 7687, 2003 U.S. Dist. LEXIS 4903, at *31 (S.D.N.Y. Mar. 27, 2003); Marshall v. Switzer, 900 F.Supp. 604, 615 (N.D.N.Y. 1995), something plaintiff cannot show.

Supt. Connolly. Plaintiff states in conclusory fashion that Supt. Connolly was somehow responsible for plaintiff not getting medical treatment and that he conspired with others to cover up the alleged assaults and to withhold evidence at plaintiff's disciplinary hearing. Such conclusory allegations of conspiracy and retaliation are insufficient to proceed on a §1983 claim. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) ("[B]ecause prisoner retaliation claims are 'easily fabricated,' and accordingly 'pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' [courts] are careful to require non-conclusory allegations") (quoting Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001) (overruled on other grounds)); Faulk v. Fisher, 545 Fed. Appx. 56, 59 (2d Cir. 2013) (circumstantial evidence of retaliatory conduct, without more, insufficient to survive dismissal). Therefore, plaintiff's claims against Supt. Connolly should be dismissed.

Capt. Harris

With respect to defendant Capt. Harris, plaintiff alleges for the first time in his opposition that Capt. Harris violated his due process rights during plaintiff's disciplinary hearing by denying plaintiff documents and witnesses and by withholding evidence. See Pl's Opp. at p. 8. However, plaintiff's amended complaint merely states that during the disciplinary hearing, plaintiff informed Capt. Harris that an officer was threatening and harassing plaintiff's witnesses. See Am. Compl. at p. 14, ¶29. Nowhere in the amended complaint does plaintiff state that Capt. Harris denied plaintiff documents or witnesses or otherwise withheld any evidence. To reiterate, plaintiff is bound by the allegations in his amended complaint and he may not attempt to add claims in his opposition to defendants' motion. See Shah, 252 Fed. Appx. at 366. In any event,

4

plaintiff's opposition does not identify the witnesses or describe how their testimony was altered in any way prejudicial to him. Therefore, plaintiff fails to show any personal involvement and fails to state a claim against Capt. Harris, and thus, the claims against Capt. Harris should be dismissed.

## POINT II

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS SABLINSKI, MEDWICK, SONKO AND WALLACE

Plaintiff's allegations against defendants Lt. Sablinski, Sgt. Medwick, Officer Sonko and Nurse Wallace fail to state a viable claim of a constitutional violation against them. Since plaintiff can establish no legally cognizable right of action against these defendants, the claims against them should be dismissed.

Lt. Sablinski and Sgt. Medwick

In his opposition, plaintiff repeats his conclusory and nebulous allegations of retaliatory conduct on the part of Lt. Sablinski and Sgt. Medwick. Plaintiff claims that Lt. Sablinski and Sgt. Medwick conspired with Officer O'Neil and other officers to retaliate against plaintiff for filing grievances, by endorsing an "illegal" misbehavior report and conducting a "retaliatory" disciplinary hearing. See Pl's Opp. at pp. 2-3. Plaintiff's allegations of retaliatory intent on the part of Lt. Sablinski and Sgt. Medwick are merely that the misbehavior report was retaliatory on its face and in violation of DOCCS rules. Id. Such conclusory allegations of conspiracy and retaliation are insufficient to proceed on a §1983 claim. See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003); Faulk v. Fisher, 545 Fed. Appx. 56, 59 (2d Cir. 2013). Moreover, even if a prison

5

official had issued a false misbehavior report, there is no constitutional claim without "evidence that the filing of the false report actually hindered or prevented the prisoner from exercising his constitutional right to seek redress, either through the grievance procedure or by filing a lawsuit." Nelson v. Michalko, 35 F. Supp. 2d 289, 293-294 (W.D.N.Y. 1999). Here, plaintiff fails to show that he was actually hindered in any way from filing a grievance or a lawsuit due to the alleged "illegal" misbehavior report. Therefore, plaintiff's claims against Lt. Sablinski and Sgt. Medwick should be dismissed.

### Officer Sonko

In his opposition, plaintiff alleges that Officer Sonko denied plaintiff food "for many days;" denied plaintiff any outside exercise; and denied plaintiff access to the law library while Officer Sonko was working in SHU. See Pl's Opp. at p. 7. Plaintiff also claims that Officer Sonko put trash in plaintiff's food. Id. Plaintiff fails to state any specific dates that these alleged deprivations occurred and does not state any specific duration of the alleged denials of food, exercise and access to the law library. Such claims fail since plaintiff cannot show that such deprivations, even if they had occurred, rose to the level a constitutional violation. To allege a constitutional violation, a plaintiff must plead an objectively serious deprivation. Wilson v. Seiter, 501 U.S. 294, 302 (1991); Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002). Here, plaintiff provides no details to support an objectively serious deprivation.

Even assuming that Officer Sonko denied plaintiff food and exercise, plaintiff fails to show that such denials were deprivations of a constitutional magnitude. See e.g., Walker v. Schriro, No. 11 Civ 9299, 2013 U.S. Dist. LEXIS 42551, at *39 (S.D.N.Y. March 26, 2013)

(deprivation for a brief duration of food or other basic necessity that does not rise to "an acute and conscience-shocking level" is not actionable). Further, plaintiff fails to allege that any cognizable harm occurred to him as a result of such deprivations. See Colombo v. O'Connell, 310 F.3d 115, 117 (2d Cir. 2002) (to state a claim under §1983, an actual injury must be alleged); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (a plaintiff asserting a constitutional claim must allege a "concrete" and "particularized" "injury in fact").

With respect to plaintiff's allegation of denial of access to the law library, such claim also fails because plaintiff does not state that he suffered any actual injury as a result. See Bilal v. New York State Dep't of Corr., 09 Civ 8433, 2010 U.S. Dist. LEXIS 61357, at *42 (S.D.N.Y. June 21, 2010) ("In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file non-frivolous direct appeals from his conviction, a habeas corpus petition or a civil rights claim pursuant to § 1983 'to vindicate basic constitutional rights.'") Even assuming that Officer Sonko denied plaintiff access to the law library, plaintiff does not allege that Officer Sonko impeded his ability to file any legal action. Since plaintiff can neither show a deprivation that rises to the level of a constitutional violation nor any injury caused by Officer Sonko, the claims against him should be dismissed.

### Nurse Wallace

Plaintiff claims that following the alleged assault on August 12, 2012, even though he informed Nurse Wallace that he had pain to his back, neck, arms, legs, shoulders and head and that he had been kicked in the groin, she refused to treat plaintiff so that his injuries "would not

be recorded." Id. at p. 14, ¶25-27. Assuming that plaintiff attempts to allege deliberate indifference to serious medical needs against Nurse Wallace, plaintiff fails to state such a claim.

To establish such a claim, plaintiff must demonstrate, in the first instance, that he suffered from an objectively serious injury – "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Here, plaintiff merely claims that he lay on the floor in pain that night. Plaintiff fails to state any specific injury or harm that occurred due to Nurse Wallace's alleged failure to treat.

Plaintiff must also establish that Nurse Wallace acted "with a sufficiently culpable state of mind." Id. Here, plaintiff offers no reason why Nurse Wallace would deliberately refuse him medical treatment so that his injuries "would not be recorded." Plaintiff's bald allegations simply fail to state a claim of deliberate indifference on the part of Nurse Wallace, and thus, any claims against her should be dismissed.

Accordingly, plaintiff fails to state a claim under 42 U.S.C. §1983 against defendants Sablinski, Medwick, Sonko and Wallace and thus, the claims against them should be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Complaint and Amended Complaint be dismissed in its entirety.

Dated: New York, New York
       May 1, 2014

        Respectfully submitted,
        ERIC T. SCHNEIDERMAN
        Attorney General of the State of New York
        Attorneys for Defendants
        By:

        /s_____
        Mary Kim
        Assistant Attorney General
        120 Broadway, 24th Floor
        New York, New York 10271
        (212) 416-8687

Mary Kim
Assistant Attorney General

STATE OF NEW YORK )
                                )ss:
COUNTY OF NEW YORK )

## AFFIRMATION OF SERVICE

MARY KIM, an attorney duly admitted to practice in the courts of the State of New York and being duly sworn, affirms the following under the penalties of perjury:

I am more than 18 years old and employed as an Assistant Attorney General in the office of ERIC T. SCHNEIDERMAN, the Attorney General of the State of New York, Attorney for defendants herein.  On May 1, 2014, I served the annexed Defendants' Reply Memorandum of Law in Support of Motion to Dismiss in in the above captioned matter, upon the following:

> Leroy Jones
> DIN # 01A1692
> Clinton Correctional Facility
> 1156 Rt. 374
> P.O. Box 2000
> Dannemora, New York 12929-2000

plaintiff, *pro se*, in the within entitled action, by depositing true and correct copy thereof, properly enclosed in post-paid wrapper, in a post-office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271 directed to said petitioner at the address within the State designated by him for that purpose.

Dated: May 1, 2014
         New York, New York

                                        /s_____
                                        MARY KIM